01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  DENG M. KUMDAK,                    )    CASE NO. C07-1210-BHS-MAT
                                       )
09          Petitioner,                )
                                       )
10      v.                             )    ORDER TO SHOW CAUSE
                                       )
11  KENNETH QUINN,                     )
                                       )
12          Respondent.                )
    _____ )
13

14          This is a federal habeas action brought pursuant to 28 U.S.C. § 2254.  Petitioner filed his

15  federal habeas petition in August 2007 together with a request to stay the petition pending

16  exhaustion of issues which had yet to be presented to the state courts.  After obtaining a response

17  to petitioner's request to stay the proceedings, the Honorable Monica J. Benton, United States

18  Magistrate Judge, denied petitioner's request on the grounds that petitioner had not shown good

19  cause for his failure to first exhaust his unexhausted claims in the state courts.  Judge Benton also

20  noted that petitioner was likely to be time-barred from returning to the state courts to exhaust his

21  unexhausted claims.

22          Petitioner subsequently sought reconsideration of Judge Benton's Order denying his

01  request to stay the proceedings. Petitioner identified in his motion for reconsideration a number

02  of "new facts" including that: (1) petitioner had filed a motion for equitable tolling of RCW

03  10.73.090's one-year time limit in the Washington Court of Appeals; (2) petitioner had obtained

04  documentation supporting his allegations that he had no access to his legal papers from February

05  6, 2007, to July 17, 2007; and, (3) petitioner had recently filed his state personal restraint petition

06  containing his unexhausted claims. Petitioner also presented additional argument addressing the

07  issue of equitable tolling in the state court collateral review process.

08          Judge Benton denied petitioner's motion for reconsideration, explaining that motion that,

09  with the possible exception of the fact that petitioner filed his personal restraint petition in the state

10  courts in early October 2007, the new facts offered by petitioner in his motion for reconsideration

11  could have been brought to the attention of the Court earlier through the exercise of reasonable

12  diligence. Judge Benton further explained that the fact that petitioner had filed his personal

13  restraint petition did not alter her conclusion that the state courts were likely to find the petition

14  time-barred. With respect to petitioner's argument regarding equitable tolling, Judge Benton

15  concluded that it could have been brought to the attention of the Court earlier and that, in any

16  event, the new argument did not persuade her that the requested stay was warranted.

17          At the direction of Judge Benton, respondent filed an answer to petitioner's federal habeas

18  petition in which he argues that the petition was a mixed one and that, under the circumstances

19  of this case, petitioner should be given the option to dismiss his unexhausted claims and proceed

20  with his exhausted claims. Petitioner, in his traverse to respondent's answer, argues that given

21  Judge Benton's previous rulings that he is likely time-barred from returning to the state courts to

22  exhaust his unexhausted claims, his claims should be deemed procedurally barred and should be

ORDER TO SHOW CAUSE
PAGE -2

01 considered together with his exhausted claims because he can show cause for his procedural

02 default and resulting prejudice.

03       After reviewing the briefs of the parties, this Court reviewed the Washington Court of

04 Appeals docket for petitioner's pending personal restraint petition to determine the status of those

05 proceedings.[1] That docket appears to reflect that the Washington Department of Corrections has

06 been directed to respond to petitioner's arguments regarding equitable tolling of the Washington

07 statute of limitations applicable to personal restraint petitions, RCW 10.73.090, and that a

08 response to petitioner's personal restraint petition is due by April 15, 2008. Though the state

09 courts may yet determine that petitioner's personal restraint petition is time-barred, no such

10 determination has been made at this juncture. Should the state courts determine that petitioner

11 is entitled to equitable tolling of the limitations period, and that he is entitled to relief on any of

12 the claims presented in his personal restraint petition, such determinations would likely render the

13 pending federal habeas action moot.

14       Accordingly, this Court does hereby ORDER as follows:

15       (1)    The parties are directed to SHOW CAUSE, not later than ***April 10, 2008***, why this

16 action should not be stayed pending resolution of petitioner's personal restraint petition in the state

17 courts.

18       (2)    Petitioner's federal habeas petition (Dkt. No. 4) is STRICKEN from the Court's

19 motion calendar to be re-noted, if necessary, at a later date.

20       (3)    The Clerk is directed to send copies of this Order to petitioner, to counsel for

21

22       [1] This action was reassigned to this Court on March 11, 2008. (Dkt. No. 23.)

ORDER TO SHOW CAUSE
PAGE -3

01  respondent, and to the Honorable Benjamin H. Settle.

02       DATED this 24th day of March, 2008.

03

04                                    _____
                                      Mary Alice Theiler
                                      United States Magistrate Judge

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER TO SHOW CAUSE
PAGE -4